UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 1:12-CR-194-12 |
| | : |
| JULIUS WHITE | : |

M E M O R A N D U M

*I.        Introduction*

       We are considering Defendant White's motion to suppress, filed September 20, 2013. (Doc. 522). Defendant is charged as a member of a large drug distribution conspiracy. The instant motion asks us to suppress the fruits of a parole search that occurred at Defendant's home on May 8, 2012. The sole issue is whether the agents had reasonable suspicion that a parole violation occurred in order to justify a warrantless search of Defendant's home.[1] Following a hearing on the matter, and for the reasons that follow, the motion will be denied.

*II.       Background*

       Defendant has been on state parole since 2010. On March 14, 2012, he was observed rolling a blunt by a Harrisburg Police officer on foot patrol. The officer contacted Defendant's parole agent, Michael Gourley, and reported the incident.

---

1. Initially, Defendant sought to suppress the fruits of the entire search on the basis that a signed search warrant could not be produced. However, the warrant was located during the course of briefing on this motion.

Gourley in turn contacted Defendant and directed him to report to the parole office. When Defendant arrived, he submitted a urine sample that tested positive for marijuana. At this time, Officer Gourley put Defendant on a 9 p.m. curfew and issued him a warning, but took no further action.

About two weeks later, Defendant was stopped by an East Pennsboro Township police officer for a traffic violation.  He was ultimately arrested for possession of marijuana, driving without a license, and two traffic violations.  Defendant did not report the new charges to Gourley.  Instead, Agent Gourley was notified of these charges via J-net on May 7, 2012.  Based on this information, Gourley obtained permission from his supervisor to conduct a search of Defendant's residence.  The following day, at approximately 9:00 p.m., parole agents Gourley, Welsh, and Epply arrived at Defendant's residence.  As they approached the house, the agents smelled a strong odor of marijuana.  Defendant's girlfriend, Whitley Johnson, answered the door and gave the agents entry into the house.  As the agents were checking the house for the presence of other individuals, a man named Christopher Jackson burst into the house and accosted the agents.  The agents called the Harrisburg City police for back-up, and Jackson was taken into custody.

Once the scene was secure, the parole agents began their search.  They found $600.00 in the living room couch, and a bag of crack cocaine in a kitchen drawer. The agents sought consent from Johnson to search further.  She refused, and requested that the officers obtain a warrant.  Officer Bates thereafter obtained a search warrant

from District Justice Shugars.  This search uncovered an additional $1,090.00, drug paraphernalia, a .40 caliber pistol with an obliterated serial number, and ammunition.

*III.*      *Discussion*

"A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" Griffin v. Wisconsin, 483 U.S. 868, 872 (1987).  However, exceptions are permitted "when 'special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'" Id. at 873 (internal quotation omitted).  The special needs of the probation system permit parole officers to search a parolees' home based on "no more than reasonable suspicion" of a parole violation.  United States v. Knights, 534 U.S. 112, 113 (2001).  Reasonable suspicion is a lower standard than probable cause, and is determined from the totality of the circumstances.  Alabama v. White, 496 U.S. 325, 330 (1990); Knight, 534 U.S. at 112.

Here, parole agents had sufficient reasonable suspicion to justify the search.  First, Agent Gourley was notified in mid-March that Defendant was seen rolling a blunt by a Harrisburg police officer.  A urinalysis revealed that Defendant had been using marijuana.  Although Gourley chose not to conduct a search at the time, this incident alone constitutes reasonable suspicion of a parole violation.  A few months later, Gourley was notified via J-net that Defendant had been arrested on drug charges–another parole violation.  Finally, on the day of the search, the agents smelled a strong odor of marijuana as they approached the house.  Considering the totality of the circumstances,

3

the agents certainly had reasonable suspicion that a parole violation had occurred. The search was legal.

*IV. Conclusion*

   For the reasons stated herein, Defendant's motion to suppress will be denied. We will issue an appropriate order.

               /s/William W. Caldwell
               William W. Caldwell
               United States District Judge