UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| vs. | : | NO. 1:12-CR-194-12 |
| | : | |
| JULIUS WHITE, | : | |
| Defendant. | : | |

*M E M O R A N D U M*

*I.    Introduction*

We are considering Defendant Julius White's motion to sever. (Doc. 524). Defendant claims that he was improperly joined under Federal Rule of Criminal Procedure 8(b), or, alternatively, that the charges against him should be severed from his co-defendants pursuant to Federal Rule 14.

*II.    Background*

On November 28, 2012, Defendant was charged in a Superseding Indictment with criminal conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride and 280 grams or more of crack cocaine (Count 1); distribution and possession with intent to distribute five kilograms or more of cocaine hydrochloride and 280 grams or more of crack cocaine (Count 2); and a forfeiture count (Count 5). Plea negotiations with the government have broken down, and Defendant now seeks to sever his case from his co-defendants.

*III.      Discussion*

*A. Joinder Under Rule 8*

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Under Federal Rule of Criminal Procedure 8(b),[1] joinder is proper so long as "the crimes charged are allegedly a single series of acts or transactions . . . ." United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991). A "transactional nexus" must exist between the defendants to be joined. United States v. Irizarry, 341 F.3d 273, 287 n.4 (3d Cir. 2003) (citing Eufrasio, 935 F.2d at 570 n.20). The Third Circuit has explained that the allegation of a conspiracy presumptively satisfies this requirement, "since the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan." United States v. Somers, 496 F.2d 723, 729-30 (3d Cir. 1974) (internal citations omitted); see also United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988). When determining whether joinder is appropriate, we focus on the indictment, but "may look beyond the face of the indictment in limited circumstances." United States v. McGill, 964 F.2d 222, 242 (3d Cir. 1992). That is, "[w]here representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents in permitted." Id.

---

1. "(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, offense or offenses. . . . All defendants need not be charged in each count." FED. R. CRIM. PRO. 8(b).

2

Applying this standard to the case at hand, we find that Defendant was properly joined under Rule 8. The Superseding Indictment alleges that Defendant conspired with his co-defendants to manufacture, distribute, and possess with intent to distribute cocaine hydrochloride and crack cocaine. (Doc. 244). Defendant contends that the Government's evidence fails to link him to the overall drug conspiracy and his co-defendants because the indictment does not "specify which acts the Defendant is alleged to have committed." (Doc. 524 at 4). However, given the facts alleged in the Superseding Indictment and in the Government's brief (Doc. 554), we find Defendant's claims on this point to be without merit. As explained above, the allegation of a conspiracy alone provides the "transactional nexus" needed to satisfy Rule 8 requirements. See Somers, 496 F.2d at 729-30. It is of no consequence that Defendant is not charged in every count of the indictment. See FED. R. CRIM. PRO. 8(b). Accordingly, we find that the Defendant was properly joined.

### B. Rule 14 Severance

Federal Rule 14 permits severance of a proper Rule 8(b) joinder if a substantial risk of prejudice to the defendant exists. See Zafiro, 506 U.S. at 540. The trial judge has discretion over whether severance is necessary, but it should only be granted if the defendant has overcome the heavy burden of showing that "clear and substantial prejudice [would result] in a manifestly unfair trial." United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005) (internal quotation omitted); see also Eufrasio, 935 F.2d at 568. When making this decision, we must balance the public interest in conserving

judicial resources against the possibility of prejudice.  See United States v. Sandini, 888 F.2d 300, 306 (3d Cir. 1989), cert. denied, 494 U.S. 1089 (1990).  In United States v. Zafiro, the Supreme Court gave three examples of when prejudice might rise to a level warranting severance:  (1) a complex case involving many defendants with "markedly different" degrees of culpability; (2) a case where evidence of one defendant's guilt is admissible only against a co-defendant; and (3) a case where exculpatory evidence is inadmissible in the joint trial.  Zafiro, 506 U.S. at 539.  However, the Court noted that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Zafiro, 506 U.S. at 540.  The Third Circuit has instructed that "judicial economy favors a joint trial where defendants are . . . charged with a single conspiracy."  Sandini, 888 F.2d at 305.  "The possibility that some evidence will be admissible against some but not all defendants does not require severance."  United States v. Kenny, 462 F.2d 1205, 1218 (3d Cir. 1972).

Here, Defendant allegedly participated in a large, multi-jurisdictional drug distribution conspiracy.  Defendant claims that he will suffer prejudice if tried together with his co-defendants because the jury will not be able to separate the evidence against him, from the evidence against his co-defendants.  We find no risk of prejudice sufficient to warrant severing Defendant's case.  First, a review of the facts presented in the Government's brief reveals that the prosecutor plans to present evidence connecting Defendant to the overarching drug conspiracy.  We note that if this connection is established, evidence of drugs and money seized from co-defendants' homes would be

admissible against Defendant as a co-conspirator, regardless of whether he was a member of the conspiracy at the time. See United States v. Jannotti, 729 F.2d 213, 221 (3d Cir. 1984) ("[T]he declarations and acts of the various members, even though made or done prior to the adherence of some to the conspiracy, become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy.") (internal quotation omitted). Thus, Defendant's assertion that he would be prejudiced by such evidence is likely irrelevant. To the extent that it presents a problem at trial, a limiting instruction would be the proper solution. See Zafiro, 506 U.S. at 539.

Second, we disagree with Defendant's contention that the jury will be unable to compartmentalize the evidence. The Superseding Indictment involves five counts and nineteen individuals. (Doc. 244). Defendant was indicted on three of the five counts. Generally, severance is reserved for cases involving many more defendants and counts. See, e.g., United States v. Branker, 395 F.2d 881, 887 (2d Cir. 1968) (severing four of twelve defendants and six co-conspirators named in an eighty-four count indictment); United States v. Price, 13 F.3d 711, 717 (3d Cir. 1994) (affirming severance of twenty-six defendants in a thirty-two count drug conspiracy indictment); United States v. Brown, No. 02-146, 2002 WL 32739530 (M.D. Pa. Dec. 17, 2002) (Rambo, J.) (denying severance in case involving thirty-seven counts and four defendants, and observing that "the instant case is not so complex, nor is defendant charged with counts too numerous, as to preclude the jury's ability to separately weigh the evidence as to each count and defendant."). Last, we note that concerns of judicial economy weigh

heavily in favor trying these defendants together.  See Sandini, 888 F.2d at 305. Accordingly, severance is not warranted in this case.

       *IV.  Conclusion*

       For the reasons above, Defendant's motions to sever (Doc. 524), will be denied.

       /s/William W. Caldwell  
       William W. Caldwell  
       United States District Judge